**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **FRANK E. DORKO, #S-11805,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | )   **Case No. 12-cv-1136-MJR** |
| | ) |
| **MS. CECIL,** | ) |
| | ) |
| **Defendants.** | ) |

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, District Judge:**

This matter is before the Court for case management.  After screening Plaintiff's civil rights complaint pursuant to 28 U.S.C. § 1915A, this Court severed Plaintiff's unrelated claims against three of the Defendants, creating two new separate cases (Doc. 1).  The instant case involves Plaintiff's claim against Defendant Cecil (the Lawrence mailroom supervisor), for interference with his legal mail.  This claim was designated as Count 4 in the threshold order (Doc. 1).  Plaintiff was directed to notify the Court by November 26, 2012, if he did not wish to proceed with either of the severed cases, in order to avoid incurring an additional $350 filing fee in each new case.  That deadline has now passed, and no communication of any kind has been received from Plaintiff.  Accordingly, service shall be ordered on the Defendant in this case, and the filing fee shall be assessed.

Also before the Court is Plaintiff's motion for leave to proceed in forma pauperis ("IFP") (Doc. 3).  Plaintiff submitted with his original complaint an affidavit stating that in the year preceding July 10, 2012, he had no income other than occasional gifts from family, and had no assets or cash on hand.  Based on Plaintiff's affidavit of indigence, the Court concludes that he is unable to pay in full the $350.00 filing fee in this case at this time, and therefore it is

appropriate to permit him to proceed IFP in this case without full prepayment of the fee. Accordingly, Plaintiff's motion to proceed IFP in this case (Doc. 3) is **GRANTED**.

However, Plaintiff has not tendered an updated certified copy of his inmate trust fund account statement, to cover the six-month period immediately preceding the date this case was severed from Case No. 12-857-MJR.  The Clerk shall request the required statements from the Trust Fund Officer at Lawrence Correctional Center, for the six month period prior to October 30, 2012.  Following the receipt of that information, an order shall issue for the payment of the initial partial filing fee as outlined in 28 U.S.C. § 1915(b)(1).  The order shall also direct subsequent payments to be made pursuant to § 1915 until the filing fee is paid in full.  The Clerk of Court is **DIRECTED** to send a copy of this Order to Plaintiff and to the Trust Fund Officer at Lawrence Correctional Center.

IT IS HEREBY ORDERED that the Clerk of Court shall prepare for Defendant **CECIL**:  (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, a copy of the Memorandum and Order at Doc. 1, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as

directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into

a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff.  Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 29, 2012**

<u>s/ MICHAEL J. REAGAN</u>
United States District Judge