IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **FRANK E. DORKO, JR.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-cv-1136-MJR-SCW |
| ) | |
| **HEATHER CECIL,** ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

**WILLIAMS, Magistrate Judge:**

### I. Introduction

This case is before the Court on Defendant Cecil's Motion for Summary Judgment (Doc. 16). The matter has been referred to United States Magistrate Judge Stephen C. Williams by United States District Judge Michael J. Reagan pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a). It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and **GRANT** Defendant Cecil's motion for summary judgment (Doc. 16).

### II. Findings of Fact

As a preliminary matter, the undersigned notes that Plaintiff has failed to file a responsive brief to Defendant's Motion for Summary Judgment. Defendant's motion was filed on February 5, 2013, seeking summary judgment for Plaintiff's failure to exhaust his administrative remedies. Plaintiff was given until March 11, 2013 in which to file a Response (Doc. 16). Plaintiff failed to do so, nor did he ask for an extension of time to respond to the motion. As of the date of this Report, Plaintiff has failed to file a responsive brief.[1] Thus, under the Court's Local Rule 7.1,

---

[1] The Court also notes that Defendant filed motion to compel Plaintiff to respond to discovery requests

Plaintiff's failure to file a timely response is deemed an admission of the merits of the motion. **SDIL LOCAL RULE 7.1(g);** *Whitfield v. Snyder*, **263 Fed.Appx. 518, 521 (7th Cir. 2008).**

Plaintiff filed his Complaint on October 30, 2012 pursuant to **42 U.S.C. § 1983** for interference with his legal mail against Defendant Heather Cecil. Specifically, Plaintiff alleged that Defendant Cecil opened and returned outgoing mail to his attorney on numerous occasions (Doc.1 at p. 2). Plaintiff's Amended Complaint alleges that Cecil informed Plaintiff that the address on his letters did not match the name and address of any lawyer in Edwardsville (Doc. 2). She also opened a privileged letter addressed to Plaintiff from the Illinois Department of Corrections Regional Director and improperly charged Plaintiff for return receipt fees (Doc. 1 at p. 2). This claim was originally part of another case, but after threshold review, the claim against Cecil was spun off into a separate case (Doc. 1). An Amended Complaint was docketed in this case on October 30, 2013 (Doc. 2) although it had been filed in the original case on September 26, 2012 (*Id.*). Thus, for purposes of this Order, the Court will construe the Amended Complaint as being filed on September 26, 2012.

On February 5, 2013, Defendant Cecil filed a motion for summary judgment (Doc. 16) arguing that Plaintiff failed to exhaust his administrative remedies. Defendant argues that she is entitled to summary judgment because Plaintiff did not fully exhaust his grievances against her prior to filing suit against her. Defendant points to two grievances that Plaintiff filed related to Defendant's interference with Plaintiff's legal mail. The first grievance was submitted on May 10, 2012 (Doc. 16 Ex. B at p. 5). This grievance was received by Plaintiff's counselor on June 26, 2012 and reviewed and sent back to Plaintiff with a response that this issue has already been addressed on July 16, 2012 (*Id.*). Plaintiff then sent the grievance to the grievance officer and it was received on July 19, 2012 and reviewed on September 27, 2012 (Doc. 16 Ex. B at p. 4). The chief administrative officer concurred

---

(Doc. 21). That motion was filed on April 19, 2013. Plaintiff has not responded to that motion either, nor does it appear that he has provided Defendant with responses to the requests.

Page 2 of   2

with the grievance officer's findings on October 23, 2012 (*Id.*). The grievance was appealed to the ARB on November 14, 2012 and received by the ARB on November 29, 2012 (*Id.*). The grievance is still pending before the ARB as of the filing of Defendant's motion for summary judgment. Plaintiff filed another grievance regarding Defendant Cecil's treatment of his mail on July 14, 2012 (Doc. 16 Ex. B at pp. 7-8). This grievance was received by his counselor on July 16, 2012 and responded to on August 3, 2012 (Doc. 16 Ex. B at p. 7). The counselor indicated in his respond that the issues regarding Plaintiff's mail had already been addressed (*Id.*). Plaintiff forwarded the grievance to the grievance officer on August 2, 2012 and the grievance officer responded on September 27, 2012 (*Id.* at p. 9). The grievance officer found no staff misconduct (*Id.*). The chief administrative officer received the grievance on October 23, 2012 and concurred in the grievance officer's findings on the same date (*Id.*). Plaintiff appealed the grievance to the ARB on November 14, 2012 and the grievance was received by the ARB on November 29, 2012 (*Id.*). At the time of the filing of the summary judgment motion, the grievance was still pending before the ARB.

### III.   Conclusions of Law

Summary Judgment is proper if the pleadings, discovery materials, disclosures, and affidavits demonstrate no genuine issue of material fact such that [Defendants are] entitled to judgment as a matter of law." *Wragg v. Village of Thornton*, **604 F.3d 464, 467 (7th Cir. 2010).**

Lawsuits filed by inmates are governed by the provisions of the Prison Litigation Reform Act ("PLRA"). **42 U.S.C. §1997e(a).** That statute states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* **(emphasis added).** The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, **438 F.3d 804, 809 (7th Cir.**

2006) (noting that '[t]his circuit has taken a strict compliance approach to exhaustion"). Exhaustion must occur before the suit is filed. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004). Plaintiff cannot file suit and then exhaust his administrative remedies while the suit is pending. *Id.* Moreover, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2005). Consequently, if a prisoner fails to properly utilize a prison's grievance process, "the prison administrative authority can refuse to hear the case, and the prisoner's claim can be indefinitely unexhausted." *Dole*, 438 F.3d at 809.

Under *Pavey*, the Seventh Circuit held that "debatable factual issues relating to the defense of failure to exhaust administrative remedies" are not required to be decided by a jury but are to be determined by the judge. *Pavey v. Conley*, 544 F.3d 739, 740-41(7th Cir. 2008). Thus, where failure to exhaust administrative remedies is raised as an affirmative defense, the Court set forth the following recommendations:

> The sequence to be followed in a case in which exhaustion is contested is therefore as follows: (1) The district judge conducts a hearing on exhaustion and permits whatever discovery relating to exhaustion he deems appropriate. (2) If the judge determines that the prisoner did not exhaust his administrative remedies, the judge will then determine whether (a) the plaintiff has failed to exhaust his administrative remedies, and so he must go back and exhaust; (b) or, although he has no unexhausted administrative remedies, the failure to exhaust was innocent (as where prison officials prevent a prisoner from exhausting his remedies), and so he must be given another chance to exhaust (provided that there exist remedies that he will be permitted by the prison authorities to exhaust, so that he's not just being given a runaround); or (c) the failure to exhaust was the prisoner's fault, in which event the case is over. (3)If and when the judge determines that the prisoner has properly exhausted his administrative remedies, the case will proceed to pretrial discovery, and if necessary a trial, on the merits; and if there is a jury trial, the jury will make all necessary findings of fact without being bound by (or even informed of) any of the findings made by the district judge in determining that the prisoner had exhausted his administrative remedies.

*Id.* **at 742.** Although the court in *Pavey* included a hearing as one of the steps in determining whether

the plaintiff had satisfied the exhaustion requirement, "there is no reason to conduct an evidentiary hearing" in a "situation [where] there are no disputed facts regarding exhaustion, only a legal question." *Doss v. Gilkey*, **649 F.Supp.2d 905, 912 (S.D.Ill. 2009) (Gilbert, Phil J.).**

A.  **Exhaustion Requirements Under Illinois Law**

As an inmate confined within the Illinois Department of Corrections, Dorko was required to follow the regulations contained in the Illinois Department of Correction's Grievance Procedures for Offenders ("grievance procedures") to properly exhaust his claims. **20 Ill. Administrative Code §504.800 et seq**. The grievance procedures first require inmates to speak with the counselor about their complaint. **20 Ill. Admin. Code §504.810(a).** Then, if the counselor does not resolve the issue, the inmate must file a grievance form directed to the Grievance Officer within 60 days of the incident. *Id.* The grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is subject of or who is otherwise involved in the complaint. The provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

**20 Ill. Admin. Code §504.810(a)(b).** "The Grievance Officer shall [then] consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer...[who]shall advise the offender of the decision in writing within 2 months after receipt of the written grievance, where reasonably feasible under the circumstances." **20 Ill. Admin. Code §504.830(d).** If the inmate is not satisfied with the Chief Administrative Officer's response, he or she can file an appeal with the Director through the Administrative Review Board ("ARB"). The grievance procedures specifically state, "[i]f after receiving the response of the Chief Administrative Officer, the offender still feels that the problem, complaint or grievance has not been resolved to his or

her satisfaction, he or she may appeal in writing to the Director within 30 days after the date of the decision. Copies of the Grievance Officer's report and the Chief Administrative Officer's decision should be attached." **20 Ill. Admin. Code §504.850(a).** "The Administrative Review Board shall submit to the Director a written report of its findings and recommendations." **20 Ill. Admin. Code §504.850(e).** "The Director shall review the findings and recommendations of the Board and make a final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances. The offender shall be sent a copy of the Director's decision." **20 Ill. Admin. Code §504.850(f).**

The grievance procedures do allow for an inmate to file an emergency grievance. In order to file an emergency grievance, the inmate must forward the grievance directly to the Chief Administrative Officer ("CAO") who may "[determine] that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender" and thus the grievance should be handled on an emergency basis. **20 Ill. Admin. Code §504.840(a).** If an inmate forwards the grievance to the CAO as an emergency grievance, then the CAO "shall expedite processing of the grievance and respond to the offender" indicating to him which course he has decided is necessary after reading the grievance. **20 Ill. Admin. Code §504.840(b).** Once the CAO has informed the inmate of his decision, the inmate may then appeal that decision to the ARB on an expedited basis. **20 Ill. Admin. Code §504.850(g).**

**B.**     **Analysis**

Here, Plaintiff filed two grievances regarding Defendant Cecil's interference with his legal mail. Although the grievances were submitted at different times, both grievances were responded to by the chief administrative officer on October 23, 2012 and marked for appeal by Plaintiff on November 14, 2012. The grievances were received by the ARB on November 29, 2012.

Plaintiff filed his Amended Complaint with the allegations against Defendant Cecil on September 26, 2012. Thus, at the time that Plaintiff filed his Amended Complaint, neither grievance had been ruled on by the chief administrative officer or appealed to the ARB. A prisoner cannot file suit under **42 U.S.C. § 1983** until his available administrative remedies are exhausted. **42 U.S.C. §1997e(a).** Under the PLRA, exhaustion, thus, is a precondition to filing suit. *Perez v. Wiconsin Dept. of Corrections*, **182 F.3d 532, 535 (7th Cir. 1999).** The Seventh Circuit has made clear that exhaustion must occur *before* a suit is filed. *Ford v. Johnson*, **362 F.3d 395, 398 (7th Cir. 2004).** The ARB did not receive either grievance until November 29, 2012. Thus, Plaintiff was still in the process of exhausting his grievances against Cecil when he filed his Amended Complaint. Even construing the facts in the light most favorable to Plaintiff and finding that his claims against Cecil were not brought until this case was opened on October 30, 2012, Plaintiff's grievances still had not been fully exhausted at that time. *See Ford*, **362 F.3d at 400 ("[A]n action is "brought" for purposes of §1997e(a) when the complaint is tendered to the district clerk.").** At the time of the filing of this motion for summary judgment, on February 5, 2013, the grievances were still pending before the ARB as the director has six months from the date of receipt to issue a final determination. **20 Ill. Admin. Code §504.850(f).** Thus, at the time that Plaintiff brought his suit, he had not exhausted his administrative remedies fully. Accordingly, the undersigned **RECOMMENDS** that the Court **FIND** that Plaintiff has not exhausted his administrative remedies before bringing suit and **GRANT** Defendant Cecil's motion for summary judgment.

## IV. Conclusion

In conclusion, it is **RECOMMENDED** that the Court **FIND** that Plaintiff has not exhausted his administrative remedies as to the interference with legal mail claim against Defendant Cecil, **GRANT** Defendant Cecil's motion for summary judgment (Doc. 16) and **DISMISS without**

**prejudice** Plaintiff's claims against Defendant Cecil. In light of the recommended dismissal, the undersigned also **RECOMMENDS** that Defendant's pending motion to compel (Doc. 21) be deemed **MOOT**.

If the Court chooses to adopt the findings in this Report, there will be no further claims left in this case.

Pursuant to **28 U.S.C. § 636(b)(1)** and **Local Rule 73.1(b),** the parties may object to any or all of the proposed dispositive findings in this Recommendation. The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004). Accordingly, Objections to this Report and Recommendation must be filed on or before **June 3, 2013.**

**IT IS SO ORDERED**.
DATED: May 15, 2013.

*/s/ Stephen C. Williams*
STEPHEN C. WILLIAMS
United States Magistrate Judge

Page 8 of 8