### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

FRANK E. DORKO,              )
                                    )
                Plaintiff,        )
                                    )
vs.                                )    Case No. 12–cv–1136–MJR–SCW
                                    )
HEATHER CECIL,            )
                                    )
                Defendant.     )

## MEMORANDUM & ORDER

**REAGAN, District Judge:**

This § 1983 civil rights case comes before the Court on a Report and Recommendation ("R&R") filed by Magistrate Judge Stephen C. Williams.  For the reasons explained below, the Court **ADOPTS** (**Doc. 22**) Judge Williams' R&R in full, **GRANTS** (**Doc. 16**) Defendant Cecil's Motion for Summary Judgment, and DISMISSES Plaintiff's case without prejudice.

### BACKGROUND

Plaintiff Frank E. Dorko, incarcerated at the time at Illinois' Lawrence Correctional Center, filed suit on July 30, 2012.  He amended his complaint on September 26, 2012, and after threshold review (in late October 2012) the undersigned judge severed Dorko's original case (No. 12–cv–0857) into three separate actions, including this one.  The instant case stems from Plaintiff's allegations that Defendant Heather Cecil, a mailroom supervisor at Lawrence, interfered with his mail (including "privileged" legal mail).  Cecil filed a Motion for Summary Judgment on February 6, 2013, arguing that Plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA").

Plaintiff's response was due on or before March 11, 2013.  He was informed of the consequences of failing to respond: included with Defendants' motion was a notice informing

Plaintiff that "[a]ny factual assertion in the defendants' evidence will be accepted by the district judge as being true unless you submit your own affidavit or other documentary evidence contradicting the assertion." (Doc. 17). At a March 6, 2013 telephonic status conference[1] Plaintiff made an oral motion to extend his response deadline to March 15, 2013. (Doc. 20). Plaintiff, though given the extra time, never responded to Defendants' motion.

On May 15, 2013, Magistrate Judge Williams filed an R&R on the February motion for summary judgment (Doc. 22). Judge Williams, pursuant to Local Rule 7.1(c), deemed Plaintiff's failure to respond an admission of the merits of the motion. After an analysis of the exhaustion issue, Judge Williams alternatively recommended granting the summary judgment motion on the basis that Plaintiff failed to exhaust his administrative remedies. On June 4, 2013 (in his first action in the case since the March 6 teleconference—and over two months after his original response brief was due), Plaintiff filed an objection to the R&R. While Plaintiff's objection contained several mentions of grievances he claims to have exhausted, Plaintiff made no mention of his untimeliness in responding to the underlying motion.

For the reasons explained below, the undersigned **ADOPTS (Doc. 22)** Judge Williams' R&R and **GRANTS (Doc. 16**) Cecil's Motion for Summary Judgment.

## LEGAL STANDARDS

### 1. Standard of Review

Where timely objections are filed, this Court must undertake a *de novo* review of a Report and Recommendation. **28 U.S.C. § 636(b)(1)(B)–(C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b).** *Accord Govas v. Chalmers*, **965 F.2d 298, 301 (7th Cir. 1992)**. An objecting party must "specifically identify the portions of the proposed findings, recommendations, or reports to which objection is made and the basis for the objections." **SDIL-LR 73.1(b).** *See also Johnson v.*

---

[1] By March 2013 Plaintiff had been freed from Department of Corrections' custody. It appears he was re-incarcerated in August 2013. (*See* Doc. 25, Plaintiff's Notice of Change of Address to Graham Correctional Center).

*Zema Sys. Corp.*, **170 F.3d 734, 742 (7th Cir. 1999) (suggesting that district courts, by local rule, may require more specificity from objecting parties than do the Federal Rules).** Failure to object to a magistrate judge's report constitutes a waiver of all factual and legal issues. *Banco Del Atlantico, S.A. v. Woods Indus.*, **519 F.3d 350, 354 (7th Cir. 2008);** *Video Views, Inc. v. Studio 21, Ltd.*, **797 F.2d 538, 539 (7th Cir. 1986).**

The district court is not required to review the magistrate judge's findings or credibility determinations. *Goffman v. Gross*, **59 F.3d 668, 671 (7th Cir. 1995).** If the district court finds a problem, it may take additional evidence, call witnesses, or remand to the magistrate judge for further development. *Id.*; *Pinkston v. Madry*, **440 F.3d 879, 893–94 (7th Cir. 2006).** Any portion of the recommendation drawing no objection need only be reviewed for clear error. *Johnson v. Zema Sys. Corp.*, **170 F.3d 734, 739 (7th Cir. 1999).**

### 2. Summary Judgment and Local Rule 7.1(c)

In this judicial district, failure to timely respond to a dispositive motion "may, in the Court's discretion, be considered an admission of the merits of the motion." **SDIL-LR 7.1(c).** The Seventh Circuit has consistently held that a nonmovant's failure to respond as mandated by local rules results in an admission. *Smith v. Lamz*, **321 F.3d 680, 683 (7th Cir. 2003).** *See also Chelios v. Heavener*, **520 F.3d 678, 687 (7th Cir. 2008) ("[L]ocal rules streamline litigation and save litigants, lawyers and courts time and money.").** And while summary judgment cannot be automatic, it may be granted when the undisputed material facts warrant judgment as a matter of law. *Carroll v. Lynch*, **698 F.3d 561, 564 (7th Cir. 2012).** *Accord* **FED. R. CIV. P. 56(e)(2) ("If a party fails to . . . properly address another party's assertion of fact . . . the court may consider the fact undisputed for purposes of the motion.").**

### 3.  PLRA Exhaustion Requirement

Lawsuits filed by prisoners are governed by 42 U.S.C. § 1997e, the Prison Litigation Reform Act ("PLRA").  The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.  **42 U.S.C. § 1997e(a).**  Failure to satisfy the PLRA's exhaustion requirement is an affirmative defense.  *Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008).

The Seventh Circuit requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).  An inmate must take all the steps required by the prison's grievance system to properly exhaust his administrative remedies.  *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023–24 (7th Cir. 2002). The purpose of exhaustion is to give prison officials an opportunity to address the inmate's claims internally, prior to federal litigation.  *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006).  When officials have been afforded this opportunity, the prisoner has properly exhausted all available remedies.  *Id.*  But if prison administrators explicitly rely on a procedural shortcoming (like failing to follow the prison's exhaustion deadlines) in rejecting a prisoner's grievance, that procedural shortcoming amounts to a failure to exhaust.  *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion requirement.  *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir. 2005).

The contours of the exhaustion requirement are set by each state's prison grievance system, so Illinois law guides the procedures relevant to the instant motion.  *See Jones v. Bock*, 549 U.S. 199, 218 (2007).  Inmates in the Illinois Department of Corrections must follow the regulations contained in the Illinois Department of Corrections' Grievance Procedures for Offenders ("grievance procedures").  **20 Ill. Admin. Code § 504.800** *et seq.*  The procedures require inmates

to speak with their Counselor, then (if the Counselor does not resolve the issue) to file a grievance form (directed to the Grievance Officer) within 60 days of the incident. **20 Ill. Admin. Code § 504.810(a).** The grievance form must:

> contain factual details regarding each aspect of the offender's complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint. The provision does not preclude an offender from filing a grievance when the names of individuals are not known, but the offender must include as much descriptive information about the individual as possible.

**20 Ill. Admin. Code § 504.810(b).** The Grievance Officer must report his findings to the Chief Administrative Officer, who shall advise the offender (where reasonably feasible) within two months. **20 Ill. Admin. Code § 504.830(d).** The inmate has thirty days to appeal (in writing) to the Director of the Administrative Review Board ("ARB"), **20 Ill. Admin. Code § 504.850(a),** and the ARB submits a written report of its findings and recommendations, **20 Ill. Admin. Code § 504.850(e).** A copy of the Director's final decision (which, where reasonably feasible, should be made within six months of receipt of the appeal) is sent to the offender. **20 Ill. Admin. Code § 504.850(f)**.

A prisoner may not file suit in anticipation that his administrative remedies will soon be exhausted. *Ford*, **362 F.3d at 398.**

### ANALYSIS

Magistrate Judge Williams recommends granting Defendants' exhaustion-based summary judgment motion for two alternative reasons: (1) Plaintiff's failure to file a response acted as an admission of the merits of the motion, and regardless, (2) Plaintiff failed to exhaust his administrative remedies. The undersigned concludes the utilization of Local Rule 7.1(c) and the exhaustion analysis were proper, and adopts Judge Williams' R&R.

Whether Plaintiff's failure to respond acts as an admission as to the entirety of Defendants' motion, or just to the facts asserted by Defendant, makes no matter. On examining the record, the

5

magistrate judge found that, while Plaintiff submitted two grievances regarding Defendant Cecil and Plaintiff's legal mail, neither had been exhausted at the time suit was filed. Plaintiff had notice that failure to respond may act as an admission (*see* Doc. 17), and Judge Williams was well within his discretion to consider the facts, as presented by Defendants, undisputed for the purposes of the summary judgment motion. *See* **FED. R. CIV. P. 56(e); SDIL-LR 7.1(c).** *See also Stevo v. Frasor*, **662 F.3d 880, 886–87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings");** *Goodwill Indus. Of Se. Wis., Inc.*, **423 F. App'x 642, 643 (7th Cir. 2011) ("Though courts are solicitous of** *pro se* **litigants, they may nonetheless require strict compliance with local rules.").**

And those facts establish Plaintiff failed to exhaust his administrative remedies before filing suit. Plaintiff's mail-related grievances were denied by the Lawrence CAO on October 23, 2012, and he did not appeal them to the ARB until November 29, 2012—over two months after Plaintiff's Amended Complaint was filed in the underlying suit and over one month after the instant claims against Cecil were severed into a new case. Plaintiff was required not just to start the grievance process before filing suit—he had to fully exhaust the process. His clear failure to do so means this case is over. *Ford*, **362 F.3d at 398.**

The undisputed facts, as analyzed by Judge Williams, warrant judgment as a matter of law here. The undersigned **ADOPTS** the magistrate judge's Report and Recommendation (**Doc. 22**) and **GRANTS (Doc. 16)** Cecil's Motion for Summary Judgment.

### CONCLUSION

For the foregoing reasons, the Court **ADOPTS (Doc. 22)** Judge Williams' Report and Recommendation in its entirety and **GRANTS** the Motion for Summary Judgment (**Doc. 16**) filed

by Defendant Cecil.   There being no claims remaining, this case is **DISMISSED without prejudice**.  *See Burrell v. Powers*, **431 F.3d 282, 284 (7th Cir. 2005) ("Dismissal for failure to exhaust is without prejudice…").**  The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**
**DATE: <u>9/4/2013</u>**                    <u>s/ *Michael J. Reagan*</u>
                                                    **MICHAEL J. REAGAN**
                                                    United States District Judge